UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

David Earl Wattleton,                                Civil No. 11-1396 (JNE/SER)

      Petitioner,

v.                                                   **REPORT & RECOMMENDATION**

B. Jett, Warden,

      Respondent.

---

    David Earl Wattleton, *pro se*, #50260 019, Federal Medical Center-Rochester, PMB 4000, Rochester, MN 55903.

    D. Gerald Wilhelm & Gregory G. Brooker, Esqs., United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415.

---

STEVEN E. RAU, United States Magistrate Judge

    Petitioner David Earl Wattleton ("Wattleton"), currently a federal inmate at the Federal Medical Center in Rochester, filed a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1]. Respondent filed a response to the Petition arguing the absence of subject matter jurisdiction and that the Petition is an impermissible successive petition. The matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons discussed below, the Court recommends the Petition be denied and the action be dismissed.

    **I.**    **BACKGROUND**

    On May 27, 1999, Wattleton's employer, U.S. Motivation, fired him. *United States v. Wattleton*, 296 F.3d 1184, 1187 (11th Cir. 2002). Wattleton then made threatening telephone

1

calls to his former employer and a supervisor, threatening to blow up U.S. Motivation and to kill employees and their families. *Id.* The next day Wattleton made threatening phone calls to various businesses, including AirTran Airlines, Northwest Airlines, and Home Depot. *Id.* In the calls to the airlines, Wattleton stated there was a bomb on one of the planes. *Id.* Wattleton threatened to kill Home Depot employees and to blow up a store every hour until Wattleton "got the police off his back." *Id.*

Wattleton was indicted on one count of making a telephonic threat and conveying false information concerning an attempt to unlawfully damage and destroy property by means of fire or explosives, and three counts of making telephonic threats to kill, injure, or intimidate persons. *Id.* Wattleton pled not guilty and provided notice of an insanity defense. *Id.* at 1187-88. Medical experts for both the government and Wattleton concluded he suffered from a persecutory delusional disorder that impaired his ability to appreciate the nature, quality, or wrongfulness of his behavior. *Id.* at 1188. Based on the medical evidence, the trial court concluded Wattleton was competent to stand trial. *Id.* A jury found Wattleton "not guilty only by reason of insanity[1]" on all counts. *Id.* at 1192.

The court committed Wattleton to the Federal Correctional Institution in Butner, North Carolina for commitment and examination. *Id.* at 1192. Pursuant to 18 U.S.C. § 4243, the court held a post-verdict dangerousness hearing after receiving a psychological report. *Id.* The court concluded Wattleton failed to meet his burden of proving that his release would not create a substantial risk of bodily injury to another person or serious damage to property due to a present mental disease or defect. *Id.* at 1193. Judge Thomas W. Thrash, from the United States Court for the Northern District of Georgia, committed Wattleton to the custody of the Attorney

---

[1] The phrase "not guilty only by reason of insanity" is found in the mental disease or defect provisions of Title 18. 18 U.S.C. § 4242, et seq.

General, pursuant to 18 U.S.C. § 4243(e). *Id.* at 1194; *see also* Decl. of Julie Groteboer at Attach. B, hereinafter "Groteboer Decl.") [Doc. No. 6]. Wattleton is to remain committed to the custody of the Attorney General until he is no longer a threat to himself or others. *Id.*

The Eleventh Circuit affirmed both the jury verdict and the district court's dangerousness determination. *Wattleton*, 296 F.3d at 1202. Alleging ineffective assistance of counsel, Wattleton filed a motion seeking relief pursuant to 28 U.S.C. § 2255. *Wattleton v. United States*, 384 F. App'x 907, 908 (11th Cir. 2010) (unpublished). The district court denied the motion and the Eleventh Circuit affirmed. *Id.*; *Wattleton v. United States*, 87 Fed. App'x 712 (11th Cir. 2003) (table decision). Wattleton then filed a 28 U.S.C. § 2241 petition. *Wattleton v. Beeler*, 186 Fed. App'x 852, 852 (11th Cir. 2006) (unpublished). The district court construed the § 2241 petition as a § 2255 petition and dismissed it as a successive petition. *Id.* Wattleton appealed, and the Eleventh Circuit affirmed. *Id.*

In 2009, Wattleton filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4) arguing the trial court lacked subject matter jurisdiction over his § 2255 motion. *Wattleton v. United States*, 384 Fed. App'x 907, 908 (11th Cir. 2010) (unpublished decision). The trial court initially denied the motion because Wattleton did not bring the motion within "a reasonable time," as required by Rule 60(c)(1). *Id.* Because a Rule 60(b)(4) motion raising a jurisdictional defect in the judgment is not subject to the reasonable time limitation of Rule 60(c)(1), the Eleventh Circuit vacated and remanded. *Id.* at 908-09. After remand, the district court again denied the motion, and the Eleventh Circuit denied further review. (Groteboer Decl. Attach. C).

After his transfer to FMC Rochester, Wattleton filed an action in this district seeking mandamus relief compelling the Federal District Court for the Northern District of Georgia and

the Eleventh Circuit Court of Appeals to vacate their earlier rulings on his Rule 60(b)(4) motion and previous § 2255 motion. *In re David Earl Wattleton*, 11-CV-1156 (JNE/SER). After a recommendation from the undersigned, Judge Joan N. Ericksen summarily dismissed that action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Wattleton subsequently initiated this action pursuant to § 2241.

II.     DISCUSSION

Wattleton challenges the legality of his § 4243 commitment out of the Northern District of Georgia. Wattleton alleges: the required procedures for his commitment were not followed; evidentiary problems and deficiencies in the evidence used to commit him; ineffective assistance of trial and appellate counsel; the government solicited perjured testimony; a violation of his Sixth Amendment confrontation clause rights; and due process violations.

At any time during a person's § 4243 commitment, the individual may challenge their commitment order by filing a motion "with the court that ordered the commitment." 18 U.S.C. § 4247(h). An individual committed under § 4243 is not prohibited from challenging the legality of his or her detention through a writ of habeas corpus. 18 U.S.C. § 4247(g). With respect to habeas corpus jurisdiction, "[a] petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court." *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). In this case, however, a jury did not convict Wattleton, rather, the court civilly committed him after the jury found him not guilty by reason of insanity. He is, therefore, not eligible for relief under § 2255. *Archuelta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004).

4

"In *Archuelta*, the Eighth Circuit addressed the interplay between the habeas corpus provisions of Title 28 and the mental disease or defect provisions of Title 18 in those situations where a petitioner files a habeas petition in the district in which he is then confined but where he was originally committed as suffering from a mental disease or defect under Section 4243 by order of a federal court in a different district." *Slupkowski v. United States*, No. 08-458 (JNE/SRN) (Report & Recommendation, D. Minn. June 24, 2008), *aff'd* (Order, D. Minn. July 14, 2008) (*Slupkowski I*). *Archuelta* found a petitioner's claim for conditional or unconditional release was cognizable under § 2241. *Archuelta*, 365 F.3d at 648. Because habeas corpus relief is an extraordinary remedy, however, it is only available typically when the petitioner has no other remedies available. *Id.* Generally, inmates challenging their commitment or conditions of release after commitment are not entitled to habeas relief because they have other statutory avenues for challenges. *Id.*; *see, e.g., Slupkowski v. U.S. Atty. Gen.*, No. 09-1048, 2009 WL 1850876, *3 (D. Minn. June 26, 2009) (*Slupkowski II*); *see also Massengill v. Trevino*, No. 09-15005, 2010 WL 1286431, *1 (E.D. Mich. March 31, 2010) (denying § 2241 petition because petitioner could challenge conditions of release arising from his civil commitment though 18 U.S.C. § 4243); *Knox v. Creech*, No. 08-3482, 2008 WL 4877463, *4 (D.S.C. Nov. 10, 2008) (dismissing § 2241 petition because individual subject to conditions of release after civil commitment could challenge those conditions through a motion under § 4243(f)(2)).

The proper venue for an inmate to challenge a civil commitment order is with the court who issued the order. *Pledger v. Anderson*, 416 Fed. App'x 580, 581, 2011 WL 1743923 (8th Cir. 2011) (acknowledging committing court was in best position to evaluate petitioner's commitment); *Archuelta*, 365 F.3d at 649 (holding only the court issuing commitment order may grant relief of conditional or unconditional release); *Massengill*, 2010 WL 1286431 at *2

(holding the only courts having jurisdiction over petitioner's request for termination of his conditional release were the court that entered the order placing him on conditional release and the appellate court).

The above-cited case law supports Respondent's assertion that no subject matter jurisdiction exists. (Government Resp. to Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and to Mot. for Expedited Consideration at p. 2, 9-11). But this Court actually has concurrent jurisdiction with the committing court and the discretion to exercise jurisdiction over the Petition. *Blohm v. Reese*, 2002 WL 1949915, *3 (D. Minn. Aug. 19, 2002) (noting that while court had jurisdiction over habeas petition, committing court had concurrent jurisdiction and greater familiarity with the facts); *Mendez v. Bureau of Prisons*, No. 08-4971, 2009 WL 3856925, *7 (D. Minn. Nov. 17, 2009); *see also Pledger*, 416 Fed. App'x at 581 (reversing order dismissing § 2241 petition related to inmate's civil commitment and remanding case with instructions to transfer to committing court pursuant to 28 U.S.C. § 1406(a)). Most courts agree that it is better to decline to exercise jurisdiction in favor of allowing the committing court to address the issue. *Pledger*, 416 Fed. App'x at 581; *Slupkowski I,* No. 08-458 (Report & Recommendation, D. Minn. June 24, 2008); *Blohm*, 2002 WL 1949915 at *3; c*f. Mendez*, 2009 WL 3856925 at *7 (retaining discretionary jurisdiction over habeas petition because case had already been transferred from committing court and petitioner was not challenging his eligibility for release).

As set forth above, this Court could recommend the transfer of this case back to the Northern District of Georgia rather than dismiss the action if it was in "the interest of justice." 28 U.S.C. § 1406(a); *Pledger*, 416 Fed. App'x at 581. The Court concludes that it would not be in the interest of justice to transfer this case.

6

The government argues that Wattleton's Petition is a successive petition. A district court may dismiss a successive habeas petition under 28 U.S.C. § 2244(a) if the same claims were raised and adjudicated on the merits in the petitioner's prior habeas proceedings. *Ruiz v. Norris*, 71 F.3d 1404, 1409 (8th Cir. 1995); *Cathey v. English*, No. 10-2525, 2011 WL 3555583, *5 (D. Minn. March 2, 2011). A court may address successive petitions if the petitioner shows "cause and prejudice." *Schlup v. Delo*, 513 U.S. 298 (1995), *cited in Nachtigall v. Class*, 48 F.3d 1076, 1079 (8th Cir. 1995). To show cause, a petitioner must show that the claims are "based on facts or legal theories of which he had no knowledge when prosecuting his prior habeas petition." *Nachtigall*, 48 F.3d at 1079. A court may also consider a successive habeas petition under the "miscarriage of justice" exception when petitioner demonstrates he or she is actually innocent of the crime of conviction or the penalty imposed. *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992), *cited in Shaw v. Delo*, 971 F.2d 181, 184 (8th Cir. 1992).

Wattleton's Petition is successive because he raised his claims regarding his commitment and ineffective assistance of counsel in his previous § 2255 and § 2241 petitions in Georgia and the Eleventh Circuit. Wattleton has not presented any facts that were not known to him earlier. Nor has he raised any new claims based on legal theories that were not known to him earlier. The miscarriage of justice exception also does not apply because Wattleton has failed to show that he should not have been committed or that he did not meet the definition of "not guilty only by reason of insanity." Because there is no exception that applies to Wattleton's successive Petition, his Petition should be dismissed.[2]

---

[2] This does not mean that Wattleton is without legal resource. As set forth above, if Wattleton continues to want to challenge his commitment, he may do so through the commitment statutes, 18 U.S.C. § 4243 and § 4247.

7

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Wattleton's Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.


Dated: October 13, 2011
                                          s/ Steven E. Rau
                                          STEVEN E. RAU
                                          United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 27, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.